IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JORDAN RICKS, AIS # 332310, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:24-CV-717-WKW |
| | ) [WO] |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is a letter from Plaintiff. (Doc. # 30.) Based on its content, Plaintiff's letter (Doc. # 30) is construed as a Motion to Amend the Complaint and a Motion for Appointment of Counsel. Each motion will be addressed in turn.

**A.    Motion to Amend the Complaint**

In his letter, Plaintiff alleges that "Captain Billy Morris Jr., Sgt. Tristan Vickers, Correction Officers Christopher Lind, Austin Steiner, and IGO Olwyn Twynon" began retaliating against him in December 2025 because of this lawsuit he filed in November 2024. (Doc. # 30 at 1.) The construed motion to amend the complaint will be denied for two reasons.

First, none of these individuals is a defendant in this action. A complaint may be amended to add a claim against a new defendant if (1) the claim "arise[s] out of the same transaction, occurrence, or series of transactions or occurrences" and (2)

"any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The proposed new retaliation claims do not arise out of the same occurrences in January 2024 that are central to the initiating complaint. A retaliation claim occurring nearly two years later lacks a sufficient connection to the pending claims. To the extent that Plaintiff attempts to assert new claims against new defendants, he must do so in a separately filed action.

Second, although the events underlying the proposed claims against the new defendants occurred after the deadline for amending pleadings, the scheduling order (Doc. # 24) is essential for the court's case management and should not be reopened at this late stage. Per the Reset Scheduling Order issued on May 23, 2025, the deadline for Plaintiff to file a motion to amend the pleadings was August 22, 2025. (Doc. # 24 at 7.) Plaintiff's construed motion to amend was received by the court on January 23, 2026, well past this deadline.

B. **Motion for Appointment of Counsel**

Plaintiff also "humbly request[s] the court to appoint [him] an attorney for this case." (Doc. # 30 at 2.)

A plaintiff in a civil case has no constitutional right to counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)). Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the

facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028). Although Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. # 6), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate. *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

Upon review of the record, the issues raised in Plaintiff's complaint are not novel or unduly complex, and it appears that Plaintiff is able to articulate facts and grounds for relief without notable difficulty. Moreover, Plaintiff has not demonstrated the exceptional circumstances necessary to justify the appointment of counsel at this time. Accordingly, Plaintiff's construed motion for appointment of counsel will be denied. The court will reconsider this issue at a later date if warranted by the circumstances of this case.

**C.    Conclusion**

Based on the foregoing, it is ORDERED:

(1)    Plaintiff's construed motion to amend the complaint (Doc. # 30) is DENIED; and

(2)    Plaintiff's construed motion for appointment of counsel (Doc. # 30) is DENIED.

3

DONE this 9th day of February, 2026.

                                                /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE